Marc E. Hankin
*marc@hankinpatentlaw.com*
HANKIN PATENT LAW APC
12400 Wilshire Blvd., Suite 1265
Los Angeles, CA 90025
Telephone: 310.979.3600
Facsimile: 310.979.3603

Matthew M. Wawrzyn (P*ro Hac Vice* to be filed)
*matt@wawrzynlaw.com*
WAWRZYN LLC
2700 Patriot Blvd, Suite 250
Glenview, IL 60026
Telephone:  847.274.9844

*Attorneys for VDPP LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VDPP LLC, <br><br> Plaintiff, <br><br> v. <br><br> HISENSE USA CORP., <br><br> Defendant. | Case No. 2:20-CV-03324 <br><br> **COMPLAINT FOR PATENT INFRINGMENT** <br><br><hr><br> **JURY TRIAL DEMANDED** |

## Jurisdiction and Venue

1. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 et seq. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). This Court may exercise personal jurisdiction over Hisense USA Corporation ("Hisense"), which conducts continuous and systematic business in California and in this District. Hisense has a regular and established place of business located in this District. These patent-infringement claims arise directly from Hisense's continuous and systematic activity in this District. In short, this Court's exercise of jurisdiction over Hisense would be consistent with the California long-arm statute and traditional notions of fair play and substantial justice. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

## Parties

2. Plaintiff VDPP LLC ("VDPP") is a limited liability company organized under the laws of Oregon with a principal place of business located in Corvallis, Oregon.

3. Hisense is a corporation organized under the laws of Georgia with a principal place of business located in Lynwood, California.

## Count 1 – Infringement of U.S. Patent No. 9,699,444

4. VDPP is the exclusive owner of United States Patent No. 9,699,444 (the "'444 patent"), which is attached hereto as "Exhibit 1."

5. The '444 patent is valid and enforceable.

6. Hisense has been and is directly infringing at least one of the 27 claims of the '444 patent. Hisense has made and sold and is making and selling the following models: H9E Plus; 75U1600; 75H10D; and 50R7050E (the "Accused Models"). The Accused Models embody claims of the '444 patent. Without limiting the claims that will be asserted or the products that will be accused of infringement in this action, Hisense infringes Claim 1 of the '444 patent by making and selling the Accused Models, which are designed to perform local dimming.

    a. Claim 1 of the '444 patent claims an "apparatus comprising: a storage adapted to: store one or more image fames[.]" (Ex. 1 at 47:40-42.) The Accused Models each constitute an apparatus with storage to store a sequence of image frames.

    b. The Claim 1 apparatus comprises "a processor adapted to: obtain a first image frame from a first video stream; [and] expand the first image frame to generate a modified image frame, wherein the modified image frame is different from the first image frame[.]" (Ex. 1 at 47:43-47.) The Accused Models are capable of, for example, resolution of 3840 x 2160 pixels. The Accused Models contain a processor adapted to upscale lower resolutions to match the Accused Models' native resolution.

    c. The processor of Claim 1 is adapted to "generate a bridge frame, wherein the bridge frame is a non-solid color, wherein the bridge frame is different from the first image frame and different from the modified image

frame[.]" (Ex. 1 at 47:48-51.) Each Accused Models is a direct-backlight LED LCD TV, which means that each of the Accused Models displays video using two separate layers. The front layer is liquid crystal layer (the "LCM Layer") containing millions of pixels, each of which is split into subpixels of the primary colors: red, green, and blue. The back layer is a backlight unit of LED lights (the "BLU") that illuminates the LCM Layer. In order to achieve deeper black levels and higher contrast levels, the Accused Models will dynamically turn off localized areas of the BLU—areas where the image should be black, resulting in a bridge frame that is non-solid, i.e., parts of the frame are black, parts of the frame are white, and parts of the frame are a gradient thereof.

    d.    In Claim 1, the processor is adapted to "blend the modified image frame with the bridge frame to generate a blended modified image frame; and display the blended modified image frame." (Ex. 1 at 47:52-54.) Each of the Accused Models blends the bridge frame (the locally-dimmed BLU image) with the modified image frame (the upscaled RGB image of the LCM) to create and display the blended modified image frame.

    7.    Further, the Accused Models infringe Claim 27 of the '444 patent by performing "black frame insertion" in a manner that infringes the '444 patent. Without limiting the claims that will be asserted or the products that will be accused of infringement in this action, the Accused Models infringe Claim 27 as follows:

a. Claim 27, which is dependent on claim 26, claims an "apparatus comprising: a storage adapted to: store one or more image frames[.]" (Ex. 1 at 50:37-39.) An Accused Model is an apparatus with storage to store a sequence of image frames.

b. The Claim 27 apparatus comprises "a processor adapted to: obtain a first image from a first video stream [.]" (Ex. 1 at 50:40-41.) An Accused Model is equipped with a graphics-processing unit adapted to obtain images that together make a video stream.

c. The Claim 27 processor is adapted to "generate a modified image frame by . . . expanding the first image frame . . . wherein the modified image frame is different from the first image frame[.]" (Ex. 1 at 50:42-49.) An Accused Model is capable of, for example, resolution of 3840 x 2160 pixels picture quality. An Accused Model's processor is adapted to upscale lower resolutions to match the native resolution.

d. The Claim 27 processor is further adapted to "generate a bridge frame, wherein the bridge frame is a solid color, wherein the bridge frame is different from the first image frame and different from the modified image frame[.]" (Ex. 1 at 50:50-53.) The bridge frame is black. (*Id.* at 50:56-57.) All televisions display video as a series of still images. These images change quickly enough to produce the illusion of motion—much like a flip book. Because televisions are unable to produce truly moving images, the human

eye perceives the "moving" object as blurred. To reduce this perceived motion blur, the Accused Model practices the invention of Claim 27 by generating a solid black bridge frame and inserting the bridge frame between the modified image frames.

  e. The Claim 27 apparatus then will "display the modified image frame; and display the bridge frame." (Ex. 1 at 50:54-55.) An Accused Model displays the modified image frame, and then displays the solid black bridge frame.

## Count 2 – Infringement of U.S. Patent No. 9,948,922

8. VDPP is the exclusive owner of United States Patent No. 9,948,922 (the "'922 patent"), which is attached hereto as "Exhibit 2."

9. The '922 patent is valid and enforceable.

10. Hisense infringes at least one of the 12 claims of the '922 patent. Hisense has made and sold and is making and selling the 50R7050E, which embodies claims of the '922 patent. Without limiting the claims that will be asserted or the products that will be accused of infringement in this action, Hisense infringes Claim 2 of the '922 patent by making and selling the 50R7050E, which is designed to perform "black frame insertion" in a manner that infringes the '922 patent.

  a. Claim 2 of the '922 patent, which is dependent on claim 1, claims an "apparatus comprising: a storage adapted to: store one or more

image fames[.]" (Ex. 2 at 113:27-29.) The 50R7050E is an apparatus with storage to store a sequence of image frames.

      b.    The Claim 2 apparatus includes "a processor adapted to: obtain a first image frame and a second image frame from a first video stream[.]" (Ex. 2 at 113:30-32.) The 50R7050E has a processor adapted to acquire a sequence of images that make a video stream.

      c.    The processor of Claim 2 is adapted to "generate a first modified image frame by expanding the first image frame, wherein the first modified image frame is different from the first image frame; [and] generate a second modified image frame by expanding the second image frame, wherein the second modified image frame is different from the second image frame[.]" (Ex. 2 at 113:33-39.) The 50R7050E is adapted to upscale lower resolutions to match its native resolution.

      d.    The Claim 2 apparatus' processor is adapted to "generate a bridge frame, wherein the bridge frame is a solid color, wherein the bridge frame is different from the first image frame and different from the second image frame[.]" (Ex. 3 at 113:40-43.) "[T]he bridge frame is black." (*Id.* at 113:47-48.) All televisions display video as a series of still images. These images change quickly enough to produce the illusion of motion—much like a flip book. Because televisions are unable to produce truly moving images, the human eye perceives the "moving" object as blurred. To reduce this

perceived motion blur, the 50R7050E practices the invention of Claim 2 by generating a solid black bridge frame and inserting the bridge frame between the modified image frames.

e.   The processor of claim 2 is adapted to "display the first modified image frame; display the bridge frame; and display the second modified image frame." (Ex. 3 at 113:44-46.) The 50R7050E displays the first modified image frame, then displays the solid black bridge frame, then displays the second modified image frame.

## **Prayer for Relief**

WHEREFORE, VDPP prays for the following relief against Hisense:

(a)   Judgment that Hisense has directly infringed the '444 and '922 patents;

(b)   A fair and reasonable royalty;

(c)   Pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(d)   A post-judgment injunction; and

(e)   Such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Date: April 9, 2020 | */Marc E. Hankin/* <br> Marc E. Hankin <br> *marc@hankinpatentlaw.com* <br> HANKIN PATENT LAW APC <br> 124 Wilshire Blvd., Suite 1265 <br> Los Angeles, CA 90025 <br> Telephone: 310.979.3600 <br> Facsimile: 310.979.3603 <br><br> Matthew M. Wawrzyn (*Pro Hac Vice* to be filed) <br> *matt@wawrzynlaw.com* <br> WAWRZYN LLC <br> 2700 Patriot Blvd, Suite 250 <br> Glenview, IL 60026 <br> Telephone: 847.274.9844 <br><br> *Attorneys for VDPP LLC* |

### **Demand for Jury Trial**

VDPP demands a trial by jury on all matters and issues triable by jury.

| | |
|---|---|
| Date: April 9, 2020 | */Marc E. Hankin/* <br> Marc E. Hankin <br> *marc@hankinpatentlaw.com* <br> HANKIN PATENT LAW APC <br> 124 Wilshire Blvd., Suite 1265 <br> Los Angeles, CA 90025 <br> Telephone: 310.979.3600 <br> Facsimile: 310.979.3603 <br><br> Matthew M. Wawrzyn (*Pro Hac Vice* to be filed) <br> *matt@wawrzynlaw.com* <br> WAWRZYN LLC <br> 2700 Patriot Blvd, Suite 250 <br> Glenview, IL 60026 <br> Telephone: 847.274.9844 <br><br> *Attorneys for VDPP LLC* |